IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOROTHY CHILDS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 15-00383-CG-B |
| | ) | |
| SPRINGLEAF FINANCIAL | ) | |
| SERVICES OF ALABAMA, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on the Motion for Summary Judgment (Doc. 21), filed by Springleaf Financial Services of Alabama, Inc. ("Defendant"), the response (Doc. 23), filed by Dorothy Childs ("Plaintiff"), and Defendant's reply (Doc. 24). For the reasons set forth herein, Defendant's motion for summary judgment is due to be **GRANTED**.

## I. BACKGROUND

This is a case of mistaken identity. Plaintiff's full name is "Dorothy Mae Childs," while her daughter's full name is "Dorothy Jean Childs." (Doc. 21-1, p. 7; Doc. 21-2, p. 9). Dorothy Jean entered into a loan agreement with Defendant. (Doc. 21-3, p. 4). Defendant later filed suit in state court to collect the debt. (Doc. 21-4, p. 1). Unfortunately, the process server served Plaintiff with the lawsuit instead of Dorothy Jean. Id. at 4. The case was ultimately dismissed with prejudice after it was revealed that Defendant had served the wrong person. Id. at 2, 5. Plaintiff filed the current action against Defendant in the Circuit Court of Perry County,

Alabama, alleging malicious prosecution, and Defendant subsequently removed the case to this Court on grounds of diversity jurisdiction. (Doc. 1, p. 1).

## II. ANALYSIS

### A. The Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) instructs that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The trial court's mission is to "determine whether there is a genuine issue for trial" and not to "weigh the evidence." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The burden is on the moving party to show that there is no genuine dispute as to any material fact. Id. at 256. In conducting its summary judgment analysis, the Court must construe all evidence "in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

After the movant meets its burden, the burden shifts to the nonmoving party "to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the nonmoving party fails to do so, the "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Further, Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is

a genuine issue for trial." Id. at 324 (internal quotation marks omitted). There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## B. Malicious Prosecution

To succeed on a malicious prosecution claim, a plaintiff must prove "'(1) that the present defendant instituted a prior judicial proceeding against the present plaintiff; (2) that in instituting the prior proceeding the present defendant acted without probable cause and with malice; (3) that the prior proceeding ended in favor of the present plaintiff; and (4) that the present plaintiff was damaged as a result of the prior proceeding.'" Consol. Elec. Contractors & Eng'rs, Inc. v. Ctr. Stage/Country Crossing Project, LLC, 175 So. 3d 642, 651 (Ala. Civ. App. 2015) (quoting Wal-Mart Stores, Inc. v. Goodman, 789 So. 2d 166, 174 (Ala. 2000)). Defendant challenges Plaintiff's ability to meet the second and fourth elements. (Doc. 21, p. 9).

### 1. Probable Cause

The second element is really a combination of two elements, and the first will be addressed here. For purposes of malicious prosecution, "[p]robable cause is defined as '[a] reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged.'" Hughes v. Wallace, 183 So. 3d 193, 196 (Ala. Civ. App. 2015) (quoting Eidson v. Olin Corp., 527 So. 2d 1283, 1285 (Ala. 1988)) (internal quotation marks omitted). In a civil suit, "all that is necessary for

probable cause is that the claimant reasonably believe that there is a chance that [the] claim may be held valid upon adjudication." Consol. Elec. Contractors, 175 So. 3d at 651 (quoting Leak v. Avco Fin. Servs., 646 So. 2d 642, 644 (Ala. 1994)) (internal quotation marks omitted). To determine whether the probable cause prong of the test has been met, a court must answer the following question: "Can one or more undisputed facts be found in the record below establishing that the defendant acted in good faith on the appearance of things as they existed when suit was filed, based upon direct evidence, or upon circumstantial evidence and inferences that can reasonably be drawn therefrom?" Hughes, 183 So. 3d at 196-97 (quoting Eidson, 527 So. 2d at 1285-86) (internal quotation marks omitted). If the answer is in the affirmative, "then summary judgment in favor of the defendant on plaintiff's malicious prosecution count would be appropriate." Id.

Defendant asserts that it had probable cause to serve Plaintiff in the underlying lawsuit. (Doc. 21, p. 12). Defendant points to the fact that Plaintiff and her daughter share the same first and last names. Id. at 13. Defendant also maintains that Plaintiff did not inform Defendant of the service error until both parties attended a court hearing, at which time Defendant immediately dismissed the case. Id. at 14. Plaintiff conceded these allegations in her deposition. (Doc. 21-1, pp. 58-60).

Plaintiff argues that Defendant lacked probable cause to serve Plaintiff in the underlying suit because "[w]hen located by the process server [Plaintiff] vehemently denied being a client/customer of Springleaf." (Doc. 23, p. 4). Plaintiff supports this

argument with her answers to interrogatories, where she claims, "I told [the process server] that he had the incorrect person; that I was not the Dorothy Childs he was looking for . . . ." (Doc. 23-1, pp. 4-5). Plaintiff contends that she does not resemble her daughter. (Doc. 23, pp. 4-5). Finally, while the summons listed "211 Eutaw Street" as Dorothy Jean's address, the process server actually served Plaintiff at her home at 209 Eutaw Street. Id. at 5. Plaintiff argues that she "last used 211 Eutaw Street as an address fifty (50) years ago," and "Dorothy Jean . . . never used that address." Id.

Plaintiff analogizes AAA Emp't, Inc. v. Weed, 457 So. 2d 428 (Ala. Civ. App. 1984), to this case. Weed entered into an agreement with AAA, an employment agency, in which he agreed to pay fees to the company "if he accepted a position which was obtained through their efforts." Id. at 429. AAA referred Weed to a prospective employer, but Weed turned down the job after interviewing. Id. at 429-30. When AAA's secretary called Weed after the interview to congratulate him on his new job, Weed "informed her that he had not accepted that job." Id. at 430. On the day after the interview, the interviewer informed AAA that Weed did not show up for work. Id. A few days later, the secretary again called Weed, and he restated that he had rejected the job offer. Id. An agency employee sent Weed a collection letter. Id. Once again, Weed informed that employee, the secretary, and a manager at the agency that he had not accepted the job. Id. AAA sued Weed for the placement fee. Id.

Addressing probable cause, the Alabama appellate court found, "While the

agency may have entertained at one time the impression that Weed accepted the job, he testified that he corrected that impression by informing them on many occasions before the small claims suit was filed that he had never consented to take the job with Better Brands." Id. at 431. The court determined that "there was sufficient evidence to support the trial court's conclusion that the agency lacked probable cause to bring the small claims action against Weed." Id.

That case is distinguishable from the case at hand. Unlike the employment agency in Weed, Defendant had no notice that it had served the wrong person until the court hearing, at which time it promptly dismissed the lawsuit. (Doc. 21, p. 14). Although Plaintiff claims she "vehemently denied" being the Dorothy Childs in the lawsuit, her deposition elaborates further:

> Q. Okay. Well, let's go about it this way. Tell me what happened on the day you contend the [process server] came in connection with this lawsuit.
>
> A. When he came he asked me, "Is this Dorothy Childs?" I said, "Yes." He said, "Well, I have a subpoena for you." And I said – "for a loan." I said, "I haven't borrowed any money." And he said, "Yes, you did." I said, "No, I didn't." I said, "Because I'm an old lady in my eighties, and I don't borrow money." And he said, "Yes, you did." And I closed the door, and he put it down by the door and left it.
>
> . . .
>
> Q. Any other conversation you had with him?
>
> A. No.

(Doc. 21-1, pp. 32-33).

It is clear from Plaintiff's own testimony that she told the process server that she was Dorothy Childs but that she did not owe any money to Defendant. She did

not inform the process server that he had the wrong Dorothy Childs. This distinction is important because the evidence shows only that Plaintiff contested her liability for the debt upon being served with the lawsuit. The evidence does not show that Defendant was put on notice of having served an improper party.

As for the resemblance, or lack thereof, between Plaintiff and her daughter, Plaintiff has not directed the Court to any evidence to support this assertion. Plaintiff did attach the driver's license of her daughter to her response, but the license is illegible. (Doc. 23, p. 1; Doc. 23-2, p. 2). Plaintiff did not submit her driver's license or any other photographic evidence to support her resemblance argument. In any event, Plaintiff has not shown that the process server knew what her daughter looked like prior to serving Plaintiff. This argument is unavailing.

Finally, the summons did list 211 Eutaw Street as the service address. (Doc. 21-4, p. 4). However, while Plaintiff lives at 209 Eutaw Street and has not lived at 211 Eutaw Street in over fifty years, Plaintiff admitted in her deposition that she receives mail at the address listed on the summons. (Doc. 21-1, p. 53). Although Plaintiff argues that Dorothy Jean never used 211 Eutaw Street as an address, the attorney for Defendant in the underlying suit declared under penalty of perjury that his firm "identified 211 Eutaw Street as a potential address for Dorothy Jean Childs" after conducting "a LexisNexis search based upon the social security number appearing in Dorothy Jean Childs' credit application." (Doc. 21-4, p. 1). Plaintiff has not offered any evidence to indicate that Defendant lacked probable cause with regards to the service address.

In sum, there is no evidence supporting Plaintiff's contention that Defendant knew or should have known that it served an improper party. In fact, the totality of the evidence shows only the opposite, that Defendant had probable cause to serve Plaintiff. Because Plaintiff has failed to show a dispute of material fact as to this element, Defendant's motion for summary judgment is due to be granted.

## 2. Malice

Alabama law regarding "malice" in a malicious prosecution case is well-settled:

> Malice in a malicious prosecution action has been defined as whatever is done willfully and purposely, whether the motive is to [injure the] accused, to gain some advantage to the prosecutor, or through mere wantonness or carelessness, if at the same time wrong and unlawful within the knowledge of the actor.
>
> Malice may be inferred from the want of probable cause, or from defendant's conduct, where such conduct will admit of no other reasonable construction.
>
> Furthermore, in an action for malicious prosecution, malice is an inference of fact, not of law, and must be determined by trier of facts as any other issue of fact is tried, and may be inferred from an absence of probable cause unless facts disclose that the defendant in the malicious prosecution action was acting in good faith.

Consol. Elec. Contractors, 175 So. 3d at 651 (quoting Willis v. Parker, 814 So. 2d 857, 863-64 (Ala. 2001)) (internal quotation marks omitted). As Defendant points out, negligence alone cannot support a finding of malice. See Wachovia Bank, N.A. v. Jones, Morrison & Womack, P.C., 42 So. 3d 667, 684 n.10 (Ala. 2009). Even more relevant, Defendant directs the Court to Delchamps, Inc. v. Bryant, 738 So. 2d 824, 834 (Ala. 1999), where the Supreme Court of Alabama ruled, "[W]hen a case of mistaken identity is discovered and the error is corrected by striking the improperly

sued party, there is no inference of malice." Defendant asserts that "there is not a shred of evidence that Springleaf acted with malice." (Doc. 21, p. 11).

Plaintiff argues that there was intent to injure because Defendant had no "reason to involve [Plaintiff] in this lawsuit" since it "had a complete file of intelligence on its client Dorothy Jean Childs to include picture identification." (Doc. 23, p. 3). Plaintiff suggests that the handwritten change of the service address from "574 Lee Williams Road" to "211 Eutaw Street," along with service of Plaintiff at 209 Eutaw Street instead of the service address, is evidence of malice. Id. Finally, Plaintiff finds the presence of malice in Defendant's request to dismiss the underlying case without prejudice instead of with prejudice. Id. at 4.

Plaintiff's arguments are lacking in both sufficiency and evidentiary support. Although Plaintiff alleges that Defendant possessed "a complete file of intelligence" on Dorothy Jean, there is no indication that Defendant tried to sue anyone other than Dorothy Jean in the underlying suit. Rather, Defendant made a mistake in serving the wrong party. Plaintiff has not made any connection between this "file of intelligence" and the improper service to support the presence of malice. As for the handwritten address, Defendant submitted a declaration by one of its attorneys in the underlying suit that the 211 Eutaw Street address was obtained from a LexisNexis search of Dorothy Jean's social security number after the process server attempted to serve Dorothy Jean at 574 Lee Williams Road and failed. (Doc. 21-4, pp. 1-2). Furthermore, Plaintiff admitted in her deposition that Defendant's serving of her with a lawsuit was merely a mistake, with no intent to injure involved. (Doc.

21-1, p. 64).

As for Plaintiff's argument that Defendant's request to dismiss the case without prejudice instead of with prejudice constitutes malice, Defendant cites to Barrett Mobile Home Transp., Inc. v. McGugin, 530 So. 2d 730, 735 (Ala. 1988), in which the Alabama Supreme Court held that the voluntary dismissal of a case without prejudice satisfies the "prior proceeding ended in favor of the present plaintiff" element of malicious prosecution. The court also stated, "We emphasize that this holding does not mitigate the strict requirement that a malicious prosecution plaintiff show not only that the action complained of has been terminated, but also that it was commenced maliciously and without probable cause." Id. Defendant maintains that this statement would not have been necessary if the voluntary dismissal of a case without prejudice gives rise to an implication of malice. (Doc. 24, p. 4). Defendant also argues that "Springleaf had to dismiss the lawsuit without prejudice in order to preserve its right to re-file the suit on the loan and serve the correct defendant." Id. The Court agrees with Defendant's assertion that its voluntary dismissal of the underlying suit without prejudice does not raise an inference of malice.

Plaintiff has presented no evidence which could lead a reasonable juror to find the existence of malice. Instead, the entirety of the evidence submitted shows that Defendant acted in good faith. Therefore, Defendant is entitled to summary judgment.

### 3. Damages

Although Defendant argues that Plaintiff did not suffer damages, Defendant focuses only on medical damages. (Doc. 21, pp. 14-15). However, it is clear that Plaintiff suffered damages in the form of attorney's fees and costs. (Doc. 23, p. 5; Doc. 21-1, p. 55). Defendant failed to address these damages in the motion for summary judgment and reply. To the extent that Defendant claims Plaintiff is unable to meet the damages element for purposes of summary judgment, Defendant's argument fails. Having already found that Defendant is entitled to summary judgment due to the probable cause and malice element, the Court need not determine whether the evidence shows that Plaintiff suffered any medical damages for purposes of trial.

## <u>CONCLUSION</u>

Defendant's motion for summary judgment is hereby **GRANTED**.

**DONE** and **ORDERED** this 12th day of July, 2016.

/s/  Callie V. S. Granade                                    
SENIOR UNITED STATES DISTRICT JUDGE